UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rafeal Barrett, # 317983, | ) C/A No.  5:14-1367-MGL-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| Sgt. T. Gibbons, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Rafeal Barrett ("Plaintiff") is an inmate at McCormick Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In his Complaint, Plaintiff alleges Defendant correctional officer "karate-kicked" him in the face through a window on a door on March 6, 2014, causing the window to shatter and cut Plaintiff is various places. Compl. 3, ECF No. 1. Plaintiff also alleges the incident was not an accident, although the nurse to whom he reported the incident altered his medical records to indicate it was accidental. *Id.* at 4. Plaintiff acknowledges that he has not completed the SCDC administrative remedy process; the copy of his Step 1 grievance form Plaintiff provided indicates it was referred to the Division of the Investigation on March 10, 2014. *Id.* at 2 and Attachment 2.

Although Plaintiff did not fill in the blank on his Complaint form for the date on which he signed it and the envelope it was mailed does not contain an institutional date stamp or legible postmark from which the "*Houston v. Lack*[1] date" can be discerned, the court received Plaintiff's Complaint on March 14, 2014, and it was filed on the docket on March 15, 2014. *Id.* As a result, it is clear on the face of the pleading that Plaintiff waited fewer than five days to file this Complaint after receiving notification that his Step 1 grievance was being forwarded to the Division of Investigations.

**<u>INITIAL REVIEW</u>**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim

---

[1] *Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's Complaint should be summarily dismissed without service on Defendant because it was filed prematurely, before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 ("the PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . ."). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court (such as answers to special interrogatories), sua sponte dismissal prior to service of the complaint is appropriate. *See*

*Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005).

Specifically, the current SCDC policy requires prisoners to undertake attempts at informal resolution of the problems before filing a Step 1 Grievance form and attaching a copy of the prisoner's informal Request to Staff Member ("RTSM"). No time limit for the staff member's response is provided in the SCDC written inmate grievance policy. *See* SCDC Policy/Procedure GA-01.12, §13.2 (Oct. 1, 2010, as amended by "Change 2, dated March 9, 2013"). However, the policy does provide time limitations for the Warden at the prisoner's place of incarceration to provide a response to any properly submitted Step 1 grievance, and for the "responsible person" at SCDC headquarters to respond to any Step 2 grievance. *Id*. §§ 13.3-13.7. The decision of the "responsible official" who answers the Step 2 grievance is the Department's final response in the matter. *Id.* § 13.7.

Of particular importance in this case are the provisions of the SCDC process dealing with grievances alleging "criminal activity." If a Step 1 grievance claiming use of the excessive force or other "criminal activity" is filed against a corrections officer, it will generally be forwarded to the SCDC Division of Investigations and possibly referred from there to the South Carolina Law Enforcement Division ("SLED") for further investigation. *Id*. §§ 15, 15.1. There do not appear to be time limitations placed on such investigations, and, when such investigations are instituted, the Step 1 grievance is "held in abeyance" pending the conclusion of all investigations. *Id*. Under the current process, a prisoner will not be allowed to proceed with a Step 2 grievance until "SCDC receives the final report" of any investigation of the alleged criminal activity. *Id*.

In this case, Plaintiff's failure to fully exhaust the SCDC grievance process (informal resolution, Step 1, and Step 2) regarding Defendant Gibbons' alleged actions on March 6, 2014

before filing this lawsuit is fatal to this case. His own answers to the questions on the complaint form about his use of the SCDC administrative process show that his Step 1 grievance was not finalized before this case was filed, Compl. 2, ECF No. 1. Once the investigation is complete and SCDC finalizes the Step 1 grievance, if unsatisfied with the response to Step 1, Plaintiff will still need to complete a Step 2 grievance before he can properly bring his allegations back before this court.

It is settled that this court is not required to keep a case like this on its docket while Plaintiff pursues administrative exhaustion. *See Woodford v. Ngo,* 548 U.S. at 84-85; *Ballenger v. Barkley*, No. Civ. A. 6:03-3333-27AK, 2004 WL 3312009, * 3 (D.S.C. July 27, 2004). Plaintiff's lack of administrative exhaustion prior to the filing of this case is clear on the face of his pleadings and requires dismissal of the premature Complaint he filed in this case. The statute of limitations will not run on Plaintiff's claims until the administrative process is complete. *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Also, because the case should be dismissed without prejudice, Plaintiff may file another case based on the same facts and allegations after he fully completes the SCDC administrative remedy process.

## **RECOMMENDATION**

Accordingly, it is recommended that the Complaint in this case be dismissed *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

May 30, 2014 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).