

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| RAFEAL BARRETT,<br>   Plaintiff,<br><br>vs.<br><br>SGT. T. GIBBONS,<br>   Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 5:14-1367-MGL-KDW<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE,
AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. Pending before the Court is also Plaintiff's motion for a preliminary injunction.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 30, 2014, and the Clerk of Court entered Plaintiff's objections on June 19, 2014. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Citing *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674 (4th Cir. 2005), as well as other pertinent authority, the Magistrate Judge found that, because Plaintiff's failure to exhaust his administrative remedies was evident from the face of his complaint, *sua sponte* dismissal before service of the complaint was appropriate. *See id*. at 682 ("[I]t is certainly possible that a complaint may clearly show that an inmate has not exhausted his administrative remedies. In such a case, *sua sponte* dismissal . . . would be appropriate."). In Plaintiff's objections to the Report, he does not dispute that he failed to exhaust his administrative remedies before filing his complaint. Instead, Plaintiff asks that the Court excuse his failure to exhaust his administrative remedies based on his bald assertions that his case presents an "emergency" and that Defendant "is trying to manipulate the system by hiding behind the [Prison Litigation Reform Act's (PLRA)] difficult rules[.]" Objections 1. However, 42 U.S.C. § 1997e(a) requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inasmuch as "[t]here is no doubt that the PLRA's exhaustion requirement is mandatory[,]" *Anderson*, 407 F.3 at 677, and Plaintiff has failed to establish that he has satisfied that requirement, the Magistrate Judge is correct in recommending dismissal. Therefore, the Court will overrule Plaintiff's objections.

On June 19, 2014, the same day that the Clerk entered Plaintiff's objection to the Report, she also entered Plaintiff's motion for a preliminary injunction, along with a proposed order setting a

hearing on the preliminary injunction motion and issuing a temporary restraining order. As grounds for Plaintiff's motion, he asserts: "A pattern of guard brutality or harassment," "Inadequate medical care," and a "Continuing violation of his 8th Amendment Const. Rights." Motion 1. Plaintiff then requests that the Court order "[t]hat [Defendant] be told to at all times . . . maintain a 500 foot distance from Plaintiff" and "[t]hat [Defendant] be placed on administrative leave until the [Division of Investigations] completes [its] investigation." *Id*.

Because a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008). In the most conclusory of terms, Plaintiff states that he has fulfilled each of these requirements. The Court is unpersuaded.

In that Plaintiff's complaint is being summarily dismissed, Plaintiff has no likelihood of success in the underlying dispute. Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Further, he has established neither that the balance of equities tips in his favor nor that an injunction is in the public interest. Consequently, because Plaintiff has failed to meet the *Winter* requirements, his motion for a preliminary injunction will be denied.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it

herein. Therefore, it is the judgment of this Court that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**. Moreover, Plaintiff's motion for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.